```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF VIRGINIA
                      ABINGDON DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:04CR00071 |
| v. ) | **OPINION** |
| ) | |
| **RANDY SCOTT RADER,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Randy Scott Rader, Pro Se Defendant.*

The defendant, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. After reviewing the record, I deny the motion as untimely filed.

I.

I entered Rader's criminal judgment on June 16, 2006, sentencing him to 240 months' incarceration after Rader, with counsel, pleaded guilty to distributing cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The Court of Appeals for the Fourth Circuit granted Rader's motion to voluntarily dismiss his appeal on July 7, 2006.

Rader commenced this collateral attack no earlier than September 3, 2014. Rader alleges in his § 2255 motion that the indictment "over charged" the applicable drug weight, his guilty pleas were not knowing and voluntary, the sentence was imposed in error, and trial counsel rendered ineffective assistance about sentencing outcomes. The court conditionally filed the motion, advised him that the motion appeared untimely, and gave him the opportunity to explain why the court should consider the motion timely filed. Rader argues that I should consider the § 2255 motion to be timely filed because he is unschooled in law, has been in segregation, is too poor to hire counsel, received ineffective assistance of appellate counsel, was unable to communicate with trial counsel, and was attacked in prison on August 28, 2011. Rader further argues that the holding of *Whiteside v. United States*, 748 F.3d 541, 543 (4th Cir. 2014), makes the § 2255 motion timely filed.

## II.

Federal inmates in custody may attack the validity of their federal sentences by filing motions, pursuant to 28 U.S.C. § 2255, within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or

laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Rader's criminal judgment became final in July 2006 when he voluntarily dismissed his appeal with the Court of Appeals for the Fourth Circuit. *See Clay v. United States*, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Rader had until July 2007 to timely file a § 2255 motion, but he did not commence this collateral attack until September 2014.

Rader argues that his motion should be considered timely filed under § 2255(f)(4) because of various conditions or consequences of his confinement and his alleged inability to communicate with trial counsel. However, Rader could have known of his current claims soon after sentencing in 2006, and Rader fails to establish that he exercised due diligence by waiting nearly ten years to filed the claims in September 2014. Therefore, I find that § 2255(f)(1) is the appropriate

-3-

limitations period, and Rader filed the present motion more than one year after his conviction became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). I do not find that Rader pursued his rights diligently or that an extraordinary circumstance prevented him from filing a timely § 2255 motion. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Furthermore, Rader's reliance on the court of appeals panel decision in *Whiteside* is misplaced because that opinion was vacated upon en banc consideration and a different result decided by the full court. *Whiteside v. United States*, No. 13-7152, 2014 WL 7245453, at *7 (4th Cir. Dec. 19, 2014) (en banc) (declining, on rehearing, to extend equitable relief to a § 2255 movant actually

-4-

Case 1:04-cr-00071-JPJ   Document 177   Filed 02/02/15   Page 4 of 5   Pageid#: 425

innocent of the career offender sentencing enhancement that was lawfully imposed but later invalidated by subsequent case law). Accordingly, Rader filed the § 2255 motion beyond the one-year limitations period, he is not entitled to equitable tolling, and the § 2255 motion must be denied.

## III.

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence is denied. A separate Final Order will be entered herewith.

DATED: February 2, 2015

/s/ James P. Jones
United States District Judge