# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:04CR00071 |
| v. | ) | **OPINION AND ORDER** |
| **RANDY SCOTT RADER,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Christine Madeleine Lee, Assistant Federal Public Defender, Roanoke, Virginia, for Defendant.*

The defendant has filed a motion to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant eligible for relief and I will reduce the sentence.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum and increased maximum sentences under 21 U.S.C. § 841(b)(1). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the

court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

While a defendant whose crime was committed before August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c). Thus, the court must first consider whether the defendant is eligible for a reduction in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted.

The defendant in this case was charged in this court by a Second Superseding Indictment on February 15, 2005, with possessing with the intent to distribute and distributing powder cocaine and five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count One); possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Two); and possessing a firearm in furtherance of drug trafficking activity, in violation of 18 U.S.C. § 924(c) (Count Three). At the time of his sentencing, a violation of § 841(b)(1)(B) carried a mandatory minimum sentence of five years and a maximum sentence of 40 years imprisonment. However, the United States filed an Information to establish the defendant's prior drug conviction pursuant to 21 U.S.C. § 851, which subjected him to an increased penalty range of a mandatory minimum of 10 years and a maximum of life imprisonment, due to at least one

prior felony drug conviction, and an increase in the minimum applicable period of supervised release from four years to eight years.

The defendant pleaded guilty to Counts One and Three of the Second Superseding Indictment on November 29, 2005, pursuant to a written Plea Agreement. He stipulated to a base offense level of 26 and that he had been convicted of a prior felony drug offense for purposes of the § 851 enhancement. The United States agreed to recommend a sentence at the low end of the applicable guideline range.

According to the Presentence Investigation Report ("PSR"), the defendant was held accountable for between five and 20 grams of cocaine base. He was determined to be a career offender and his sentencing guideline range was enhanced in accordance with U.S. Sentencing Commission Guidelines Manual ("USSG") § 4B1.1. The resulting scoring produced a base offense level of 37 and a criminal history category of VI, yielding a guideline range of 322 to 387 months after adjusting the offense level for acceptance of responsibility. In accord with USSG § 4B1.1(c)(2), this guideline range was based upon the mandatory minimum of 60 months under Count Three plus the guideline range for Count One.

Rader was sentenced on June 14, 2006, under the advisory guidelines, to 240 months imprisonment and eight years supervised release. The court arrived at this

sentence following the United States' motion for a downward departure on account of the defendant's substantial assistance.

According to its website, the Bureau of Prisons calculates the defendant's current release date to be August 10, 2023. The Probation Office estimates that Rader has served over 14 years (174 months) in custody for the present offenses.

The parties agree that the defendant is eligible for reduction in sentence under the 2018 FSA. Because he was charged with five grams or more of cocaine base and not at least 28 grams, the new statutory range for Count One, with the § 851 Information, is a term of imprisonment of up to 30 years and a term of supervised release of at least 6 years to life. 21 U.S.C. § 841(b)(1)(C). Although he remains a career offender, the lower statutory maximum as to Count One produces a guideline range of 262 to 327 months under the Career Offender Table, USSG § 4B1.1(c)(3).

I have reviewed the defendant's original PSR and programming and disciplinary data while in prison, as well as the briefs filed by counsel. The defendant has a serious criminal history and a number of disciplinary violations in prison. Nevertheless, he is now 45 years old, and his maturity may produce less risk of recidivism. I find it appropriate in determining whether to reduce the defendant's sentence, and the extent of any such reduction, to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Considering those factors, I

will reduce the defendant's sentence to time served, to be followed by a term of supervised release of six years.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motions to Reduce Sentence, ECF Nos. 208 and 212, are GRANTED;

2. <u>The defendant's sentence is hereby reduced to time served as to Count One and time served as to Count Three, meaning that the defendant has now fully served the imprisonment imposed as to both counts and is to be released from imprisonment</u>. This imprisonment is to be followed by a total term of supervised release of six years, consisting of a term of six years on Count One and a term of five years on Count Three, the terms of supervised release to run concurrently;

3. The defendant's sentencing judgment shall otherwise remain unchanged;

4. The effective date of this Order shall be stayed for 10 days from the date of entry to allow the processing of the defendant's release and to allow the Probation Office to approve his reentry plan; and

5. The Probation Office shall immediately transmit this Opinion and Order to the Bureau of Prisons.

    ENTER: March 13, 2019

    /s/ *James P. Jones*
    United States District Judge